David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Ellen Black, | Case No._____ |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| Projecthindsight.com, an Internet domain name; John Doe, an individual, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For its Complaint, Plaintiff, the Estate of Ellen Black, through its authorized representative alleges as follows:

### NATURE OF THE CONTROVERSY

1.      This is an Action to recover an internet domain name—ProjectHindsight.com (the "Domain Name")—corresponding to Plaintiff's valuable trademark, and which Domain Name has been misappropriated by unauthorized access to a protected computer system, stolen from the Plaintiff, transferred to a registrar in this District and trafficked by the unknown thief, John Doe, in this District.

### JURISDICTION AND VENUE

2.      This Action arises under the Computer Fraud and Abuse Act (18 U.S.C. §1030), the Electronic Communications Privacy Act (18 U.S.C. § 2701 and 18 U.S.C. §2707) and the Anticybersquatting Consumer Protection Act (15 U.S.C. §1125(d)), and Arizona common law.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

3.      This Court has *in rem* jurisdiction over the Defendant Domain Name arising under 15 U.S.C. §1125(d)(2)(A) and (C) because the registrar for the Defendant Domain Name, GoDaddy.com LLC of Tempe, Arizona, is located in this judicial district. Public registration records of the Domain Name do not identify, and at the relevant times, have not identified, a person whom the Plaintiff is able to identify, serve and thus obtain personal jurisdiction. Additionally, Plaintiff has not been able to find the unidentified person who misappropriated the Domain Name, transferred it to this Judicial District and trafficked in the Domain Name.

4.      This court further has *in rem* jurisdiction over the Defendant Domain Name under 28 U.S. Code § 1655 due to its registration with GoDaddy.com LLC of Tempe, Arizona, located in this judicial district. Plaintiff is seeking to remove any cloud upon the title to property located within the district.

5.      Plaintiff's claims against John Doe for violation of 18 U.S.C. § 1030, 18 U.S.C. §§ 2701, 2707, and for conversion arise from John Doe's unauthorized access to protected computer systems for the purpose of altering computer records in order to effect the transfer of the domain name into this judicial district.

6.      Venue is proper in this District because the Defendant Domain Name is located in this district, John Doe directed activity into this district and utilized instrumentalities in this District to carry out the unlawful scheme complained of herein.

7.      Joinder of Domain Name and John Doe is appropriate because John Doe is the unknown individual who misappropriated and converted the Domain Name property to himself and subsequently trafficked the Domain Name.

### PARTIES

8.      Until May 2023, Plaintiff's decedent, Ms. Ellen Black, was the sole owner of a business known as "Project Hindsight" which for many years operated a website in connection with the business utilizing the corresponding internet domain name ProjectHindsight.com. Plaintiff has since maintained operation of the business, the website, and the registration account for the internet Domain Name.

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

9.    Defendant *in rem* ProjectHindsight.com is an internet domain name which was misappropriated from the Plaintiff's control and transferred without Plaintiff's authorization to a registrar in this Judicial District.

10.    Defendant John Doe is an individual or individuals acting in concert who misappropriated the Domain Name from Plaintiff's control, transferred it without Plaintiff's authorization to a registrar in this Judicial District and subsequently trafficked it via the registrar's brokerage operation in this Judicial District.

## FACTS

11.    Plaintiff's decedent, Ms. Ellen Black and her husband Mr. Robert Schmidt, were lifelong students of ancient knowledge, mathematics, philosophy and astrology.

12.    Plaintiff's decedent and her future husband attended college together and eventually pioneered the field known as "Hellenistic Astrology" based on Mr. Schmidt's translations of ancient astrological texts.  They launched "Project Hindsight" in 1993 as a distinctive mark under which they published various scholarly and interpretational works, serial publications, audiovisual works, and live conferences and seminars.

13.    As evidence of the distinctiveness of the "PROJECT HINDSIGHT" mark, in 2004, Mr. Schmidt registered "PROJECT HINDSIGHT" as US TM Reg. No. 2,923,275.  Although the registration lapsed merely for non-renewal in 2014, Ms. Black and Mr. Schmidt continued to use the mark and maintain common law rights therein.

14.    In 1998, Ms. Black and Mr. Schmidt formed "The Phaser Foundation Inc." as a corporation in Maryland to hold certain assets relating to their work, and naming Ms. Black as registered agent thereof.  In 1999, the Domain Name was registered to The Phaser Foundation Inc., and named Mr. Schmidt as the administrative contact thereof.

15.    The Phaser Foundation Inc. was dissolved in 2007, and was continued to be used as a business name in relation to registration of the Domain Name.

16.    After registering the Domain Name ProjectHindsight.com, Ms. Black and Mr. Schmidt continuously used the domain name for a website prominently identified as "PROJECT HINDSIGHT" and advertising the sale of publications, serial publications,

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

3

1    recorded lectures, software and other goods and services relating to Hellenistic

2    Astrology.

3          17.    From 2000 to 2018 the website and the goods and services of Ms. Black

4    and Mr. Schmidt became well-known and highly regarded in the field of astrology,

5    including the goods and services sold under a prominent "PROJECT HINDSIGHT"

6    banner at the website denominated by the Domain Name, of which the January 2, 2018

7    capture stored by the Internet Archive is typical:



GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

18.     Mr. Schmidt passed away in 2018, leaving Ms. Black as the sole owner of "PROJECT HINDSIGHT" and the continued conduct of business there under was carried on by Ms. Black, including continued operation of the website designated by the corresponding Domain Name.

19.     In May 2023, Ms. Black passed away. Plaintiff has continued to carry on the business of "PROJECT HINDSIGHT".

20.     On or about September 2, 2023, Plaintiff became aware that the ProjectHindsight.com domain name had been removed from its registration account by an unknown person, John Doe, from its account and transferred to GoDaddy.com LLC in this judicial district. Plaintiff had not authorized any person to access the domain registration account for the purpose of carrying out such a transfer, and hence such access was unauthorized.

21.     Upon inquiry with the original registrar of the domain name, Plaintiff was informed that a person unidentified to Plaintiff by the registrar, and herein referred to as "John Doe" had accessed the registration account and altered records maintained by the registrar, including records used by the registrar to communicate with the Plaintiff, thus allowing the unidentified person to carry out a transfer of the domain name to GoDaddy.com LLC.

22.     Plaintiff did not authorize any person to access the protected computer system of the original registrar in order to render the domain name in a condition for transfer.  Any access to Plaintiff's account for that purpose was unauthorized or exceeded the authorization granted to any person by Plaintiff for access to the account.

23.     Plaintiff did not authorize any person to access the protected computer system of GoDaddy.com LLC for the purpose of effecting transfer of Plaintiff's Domain Name to GoDaddy.com LLC.

24.     Shortly after learning of the theft of the domain name, Plaintiff was informed that the domain name had been trafficked and sold by John Doe through the domain brokerage of GoDaddy.com LLC to a competitor of the Plaintiff.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

25.    The competitor of the Plaintiff to whom the Domain Name was sold by John Doe has demanded compensation from the Plaintiff for return of the Plaintiff's stolen Domain Name, then refused to return the Plaintiff's stolen Domain Name, and has further threatened to tarnish the reputation of Plaintiff's decedent.

26.    Plaintiff's stolen Domain Name embodies Plaintiff's valuable trademark. Absent restoration of Plaintiff's stolen Domain Name to Plaintiff, the value of Plaintiff's mark and the goodwill accrued in "PROJECT HINDSIGHT" by operation of the website denominated thereby will be permanently lost.

27.    The Plaintiff has suffered and continues to suffer damages and irreparable harm from theft of the Domain Name, and will incur further damages and irreparable harm absent restoration of possession of the Domain name to the Plaintiff

## FIRST CAUSE OF ACTION
## CONVERSION

28.    Plaintiff incorporates all allegations set forth prior to this paragraph.

29.    The Domain Name ProjectHindsight.com was, and is, the lawful personal property of Plaintiff. *See Office Depot, Inc. v. Zuccarini*, 596 F.3d 696, 702 (9th Cir. 2010) (holding, "domain names are intangible [personal] property subject to a writ of execution.")

30.    In order to traffic and sell the Domain Name, John Doe obtained unlawful possession of the Domain Name from the registration account belonging to the Complainant, with the intent to deprive Plaintiff of it.

31.    John Doe's unlawful and unauthorized acquisition of the Domain Name, and subsequent sale thereof to another, has deprived Plaintiff of possession and control of the Domain Name of which Plaintiff is the sole lawful owner.

32.    As a result of Defendant Doe's actions, Plaintiff has been damaged in an amount to be proven at trial.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

**SECOND CAUSE OF ACTION**
**QUIET TITLE; 28 U.S.C. § 1655**

33.    Plaintiff incorporates all allegations set forth prior to this paragraph

34.    Plaintiff has valid title to the Defendant Domain Name as a consequence of exclusive registration, use and ownership by the Plaintiff's predecessors in title since 1999.

35.    John Doe's theft and sale of the Domain Name has interfered with Plaintiffs ownership of the Domain Name and created a cloud on the title to the Domain Name.

36.    Plaintiff is entitled to a declaration from the Court that it is the lawful owner and registrant of the Defendant Domain Name and that there are no other valid claims against the title to the Defendant Domain Name.

**THIRD CAUSE OF ACTION**
**Computer Fraud & Abuse Act; 18 U.S.C. § 1030**

37.    Plaintiff incorporates all allegations set forth prior to this paragraph.

38.    John Doe, without authorization, intentionally and with intent to defraud the Plaintiff, accessed Plaintiff's domain management account at the original registrar for the purpose of altering records therein and allowing John Doe to transfer the Domain Name to his possession.

39.    John Doe, without authorization, intentionally and with intent to defraud the Plaintiff, established an unauthorized registration account on a protected computer run by GoDaddy.com LLC in this Judicial District, in order to initiate a transfer of the Plaintiff's Domain Name to the unauthorized registration account.

40.    John Doe further accessed the registration account on a protected computer run by GoDaddy.com LLC in order to conduct communications with the GoDaddy domain brokerage in order to engage in an unauthorized sale of the Domain Name.

41.    John Doe's unauthorized access to protected computer systems has caused loss of Plaintiff's Domain Name and has disrupted Plaintiff's business, causing loss of

business and expenses incurred to recover the name in excess of $5000 and irreparable harm to the Plaintiff as a consequence of Plaintiff's loss of the Domain Name.

### FOURTH CAUSE OF ACTION
### Cybersquatting; 15 U.S.C. § 1125(d)

42.    Plaintiff incorporates all allegations set forth prior to this paragraph.

43.    Plaintiff's "PROJECT HINDSIGHT" mark is distinctive and was distinctive prior to John Doe's acquisition of the Defendant Domain Name.

44.    John Doe was aware of Plaintiff's rights in "PROJECT HINDSIGHT" at the time of John Doe's acquisition of the Defendant Domain Name.

45.    John Doe has registered and trafficked in the Defendant Domain Name with a bad faith intent to profit from Plaintiff's "PROJECT HINDSIGHT" mark.

### FIFTH CAUSE OF ACTION
### Electronic Communications Privacy Act; 18 USC §§ 2701, 2707

46.    Plaintiff incorporates all allegations set forth prior to this paragraph.

47.    Domain Name registrars are required by the relevant accreditation body (the Internet Corporation for Assigned Names and Numbers, or ICANN) to conduct communications with the authorized registrant of a domain name to confirm changes to the domain name registration, and during the course of transfers of domain names from one registrar to another registrar.

48.    Plaintiff did not receive any communications from the original registrar or from GoDaddy.com LLC concerning changes made to records maintained in association with the Domain Name or its transfer to another registrar.

49.    On information and belief, during the course of conducting unauthorized access or exceeding any authorized access granted by Plaintiff to protected computer systems at the original registrar and at GoDaddy.com LLC, John Doe altered records prevented Plaintiff from receiving communications intended for Plaintiff, and by which Plaintiff would have been made aware of theft of the Domain Name in progress.

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A.      That judgment be entered in favor of the Plaintiff on the claim to quiet title, and that the Court declare Plaintiff to be the rightful owner of the Domain Name.

B.      That judgment be entered in favor of the Plaintiff and against John Doe on the claims of conversion, Computer Fraud and Abuse, and Electronics Communication Privacy.

C.      That judgment be entered in favor of Plaintiff and against John Doe on the claim of Cybersquatting, and that judgment further be entered in favor of Plaintiff on the in rem claim of Cybersquatting.

D.      That the Court order the Defendant Domain Name restored to Plaintiff by GoDaddy.com LLC.

E.      That the Court order an award of actual, statutory and punitive damages, along with costs and reasonable attorneys' fees; and

F.      That the Court order such further relief as the Court may deem appropriate.

DATED: November 28, 2023.

**GINGRAS LAW OFFICE, PLLC**

David S. Gingras, Esq.
Attorney for Plaintiff

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

# JURY DEMAND

Demand for Jury Trial Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues so triable.

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

## <u>VERIFICATION</u>

I, Kathryn Higson, Administrator of the Estate of Ellen Black declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing verified complaint are true and correct to the best of my knowledge, information and belief.


Executed On: <u>November 28, 2023</u>                    <u>/s/ Kathryn Higson</u>
                                                                          Kathryn Higson