David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Ellen Black,<br><br>    Plaintiff,<br><br>v.<br><br>Projecthindsight.com, an Internet domain name; John Doe, an individual,<br><br>    Defendants. | Case No. 23-cv-02475-PHX-ROS<br><br>**EX PARTE MOTION FOR EARLY/EXPEDITED DISCOVERY** |

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff, the Estate of Ellen Black, through counsel undersigned, respectfully moves the Court for an order allowing early discovery (i.e., before the parties have conferred as required by Rule 26(f)).

Specifically, Plaintiff seeks permission from the Court to pursue discovery relating to the name/true identity of the individual Defendant sued in this matter as "John Doe". As explained below, good cause exists to permit Plaintiff to pursue this discovery in order to identify Doe and complete timely service as required by the Rules and by this Court's prior order (Doc. 4).

**I.    BACKGROUND**

This Action concerns the misappropriation and subsequent trafficking of the Plaintiff's internet domain name ProjectHindsight.com (the "Domain Name"). The Domain Name had been registered and used by Plaintiff and Plaintiff's decedent as its

1 principal internet presence for many years prior to the alleged theft thereof, and it
2 corresponds to Plaintiff's distinctive trademark. Plaintiff's decedent and her late husband
3 were the founders and longstanding operators of a website under the trademark "Project
4 Hindsight", which was continued to be operated by Plaintiff until the recent
5 misappropriation and multiple transfers of the domain name ProjectHindsight.com
6 corresponding to Plaintiff's mark. *See* Complaint ¶¶ 11-19.

7 In September 2023, under the control of an unknown person (or persons acting
8 jointly and herein denominated "John Doe"), the Domain Name was transferred from the
9 registrar with which the domain name had long been registered, Network Solutions LLC
10 of Herndon, Virginia to GoDaddy.com LLC of Tempe, Arizona. *See* Compl. ¶¶ 20-22;
11 Declaration of John Berryhill, Esq. ("Berryhill Decl.") ¶¶ 8-11.

12 Upon contacting Network Solutions LLC, Plaintiff was informed that a
13 confirmation email was sent to the authorized contact for the domain name at the time.
14 However, Plaintiff checked its communication records and found no such email,
15 suggesting either the account or email communication records had been altered. *See*
16 Compl. ¶ 21. Plaintiff was also informed that upon transferring the Domain Name to
17 GoDaddy.com LLC, John Doe then sold the domain name through a brokerage operated
18 by GoDaddy.com LLC. *See* Compl. ¶ 24.

19 At the time of the theft, Plaintiff's Domain Name was fully-paid for several years
20 in advance, and thus did not expire and become re-registered, but was required to follow
21 a prescribed transfer procedure to move from Network Solutions to GoDaddy.com. *See*
22 Berryhill Decl. ¶¶ 9-11. To wrest control of the Domain Name and to transfer the domain
23 name from Network Solutions to GoDaddy.com, John Doe must have electronically
24 interacted in various ways with both Network Solutions and GoDaddy.com. *See* Berryhill
25 Decl. ¶¶ 12-13. John Doe must have engaged in electronic communications with Network
26 Solutions to obtain an authorization code. *See id*. John Doe then had to interact with
27 GoDaddy.com to use the authorization code to initiate a transfer of the domain name to
28 an account controlled by John Doe with GoDaddy.com. *See id*.

In carrying out the transfer, John Doe had to provide payment to GoDaddy.com LLC for an additional year of registration of the Domain Name. *See* Berryhill Decl. ¶ 7. Finally, in order to list and sell the Domain Name in the domain name marketplace conducted by GoDaddy.com LLC, John Doe had to provide payment information in order for GoDaddy.com LLC to pay out the proceeds of the sale to John Doe, from the buyer of the Domain Name. *See* Berryhill Decl. ¶ 15.

The Domain Name continues to be maintained under GoDaddy.com LLC's "Domains By Proxy" privacy service, making it impossible to identify the true owner of the name. The respective policies of GoDaddy.com and Network Solutions do not permit them to provide the Plaintiff with the identifying data in their possession concerning the person or persons who transacted with them as John Doe, absent a Court order or a subpoena. *See* Berryhill Decl. ¶ 16.

Accordingly, Plaintiff seeks leave to engage in expedited early discovery, to identify the person(s) responsible for the acts complained of, and to complete service of the Complaint and Summons upon such person(s).

**II.    DISCUSSION**

Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, the Court may authorize discovery prior to a Rule 26(f) conference for "good cause." In determining whether there is good cause to allow expedited discovery to identify anonymous defendants, the Court may consider whether the plaintiff:

(1) can identify the missing party with sufficient specificity that the Court can determine that defendant is a real person or entity who could be sued in federal court;
(2) has identified all previous steps taken to locate the elusive defendant;
(3) suit against the defendant could withstand a motion to dismiss; and
(4) has demonstrated that there is a reasonable likelihood of being able to identify the defendant through the requested discovery, thus allowing for service of process.

*Riding Films, Inc. v. John Does I-CCL*, 2013 WL 2152552 (D. Ariz. May 16, 2013) (internal citations omitted). *See also Wakefield v. Thompson*, 177 F.3d 1160, 1163

(9th Cir. 1999) (finding a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (quotation and citation marks omitted)).

The prominent position of GoDaddy in the market for domain name registration services has rendered expedited discovery in intellectual property infringement matters concerning domain names to be fairly routine. *See*, *e.g.*, *AMA Multimedia LLC v. Unknown Parties*, No. CV-15-01674-PHX-ROS, 2015 WL 13651008, at *2 (D. Ariz. Sept. 23, 2015) (permitting early discovery as it was the only method for uncovering defendants' identities where defendants used privacy service to hide their domain name registration information); *Fornix Holdings LLC v. Unknown Party*, No. CV-22-01942-PHX-DJH (D. Ariz. Dec. 6, 2022) at *5 ("[E]xpediteddiscovery is necessary to generate information regarding the identity of PW, the identities of the registrants operating [several domain names] and the identity of the third-party domain registrar that <pornwild.to> was transferred to from the Namecheap domain registrar."); *Holosun Technologies Incorporated v. NameSilo LLC*, 2:23-cv-02138, (D. Ariz. October 31, 2023) (permitting expedited discovery to identify registrant of cybersquatted domain name)).

On factors (1) and (4) above, the interactions conducted by John Doe with Network Solutions and GoDaddy necessarily required John Doe to identify themselves, establish accounts, provide contact information for making and receiving payments, and to send and receive emails. Both of the registrars are required to maintain records of communications conducted with customers for as long as two years, and to verify the contact information provided to them. Particularly in relation to payments that were made to and received from GoDaddy in the course of trafficking the Domain Name, such information is likely to be highly reliable, as payment to renew the Domain Name by an additional year was processed by GoDaddy, and payment to the illicit seller of the Domain Name was made by GoDaddy. Accordingly, Plaintiff submits that the requested discovery is reasonably likely to specifically identify persons engaged in the

misappropriation, transfer and sale of the Domain Name, and to whom service may be directed.

On factor (2) above, Plaintiff's authorized representative initially contacted Network Solutions, was told that a confirmation email was sent to the authorized contact for the Domain Name, but found no such email in that account. Network Solutions provided no further information, such as whether there may have been a change or alteration to the account contact prior to exfiltration of the domain name.  Plaintiff, having no customer relationship to the GoDaddy.com LLC, has consulted the public registration data, *see* Berryhill Decl. Exhibit C, which has shown only proxy data masking the underlying registrant known to Network Solutions LLC and GoDaddy.com LLC respectively, and which is not made public.

Likewise, GoDaddy.com LLC does not provide customer identification data relating to domain name sales conducted via its marketplace to the public on mere request. *See* Berryhill Decl. ¶ 16. Accordingly, Plaintiff, having made due inquiry via the mechanisms available, cannot identify the person or persons who committed the acts ascribed in the Complaint to John Doe. The identity of such persons is highly likely known to Network Solutions LLC and GoDaddy.com LLC, both of whom have a contractual duty under their accreditation agreements with ICANN to (a) take steps to provide some level of identity confirmation and (b) retain such data for up to two years. *See* Berryhill Decl. ¶¶ 5-6.

Finally, the Complaint is likely to survive a motion to dismiss. The Complaint clearly alleges the Domain Name, having been registered and used by Plaintiff and Plaintiff's decedent for many years, has been misappropriated through unauthorized access to protected computer systems, and that the persons responsible have obtained communications from the service provider that should have solely been held with the authorized registrant of the Domain Name. Finally, the Complaint clearly alleges a violation of the Anti-Cybersquatting Consumer Protection Act (ACPA) in that the subject Domain Name is identical to the Plaintiff's trademark and has been misappropriated and

then trafficked and registered for the purpose of conducting a sale of the Domain Name, the value of which was clearly predicated on the Plaintiff's longstanding and distinctive use of the Domain Name and corresponding trademark.

### III. CONCLUSION

For the reasons stated above, applying the standards set forth in *Riding Films, Inc. v. John Does I-CCL*, 2013 WL 2152552 (D. Ariz. May 16, 2013), good cause exists to permit Plaintiff to pursue early discovery in this matter. To be clear—Plaintiffs seeks only discovery limited to identifying the true name/identity of Defendant John Doe, for the purposes of completing service of the Complaint and Summons in this case.

RESPECTFULLY SUBMITTED: January 10, 2024.

**GINGRAS LAW OFFICE, PLLC**

David S. Gingras, Esq.
Attorney for Plaintiff