IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Ellen Black,<br><br>  Plaintiff,<br><br>v.<br><br>Projecthindsight.com, et al.,<br><br>  Defendants. | No. CV-23-02475-PHX-ROS<br><br>**ORDER** |

      Plaintiff, the estate of the owner of a business known as "Project Hindsight" filed this case on November 28, 2023 seeking to recover the misappropriated internet domain name ProjectHindisght.com (the "Domain Name") (Doc. 1).  Plaintiff has now filed an Ex Parte Motion for Early Discovery seeking leave to pursue discovery from GoDaddy.com LLC and Network Solutions LLC—the two domain registrars involved in the alleged misappropriation—to identify the individual Defendant named as John Doe (Doc. 6).

      Federal Rule of Civil Procedure 26(d)(1) allows courts to authorize early discovery for good cause.  Where a plaintiff requests early discovery "to identify anonymous internet users named as Doe defendants," courts consider whether (1) the plaintiff can identify the party with "sufficient specificity" for the Court to determine the defendant is a person or entity subject to federal court jurisdiction; (2) the plaintiff has identified all previous attempts to locate the defendant; (3) the complaint could withstand a motion to dismiss; and (4) the plaintiff has shown a reasonable likelihood of identifying the defendant to enable service of process.  *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 499

1   (D. Ariz. 2012) (internal citation omitted).

2         Plaintiff has shown good cause for early discovery. As to factors (1) and (4), Plaintiff explains Defendant John Doe would have been required to "identify themselves, establish accounts, provide contact information for making and receiving payments, and to send and receive emails," and the "registrars are required to maintain records of communications conducted with customers . . . and to verify the contact information provided to them." (Doc. 6 at 5). This information, according to Plaintiff, "is likely to be highly reliable, as payment to renew the Domain Name by an additional year was processed by GoDaddy, and payment to the illicit seller of the Domain Name was made by GoDaddy." *Id.* The Court agrees. Plaintiff's requested discovery is reasonably likely to identify Defendant John Doe to enable service of process and with sufficient specificity for the Court to determine jurisdictional facts.

      For factor (2), Plaintiff details its previous attempts to obtain Defendant John Doe's contact information from both Network Solutions and GoDaddy and through public registration data. *Id.* Neither registrar provided the contact information on Plaintiff's request and the public registration data for the website are masked by proxy. *Id.* Plaintiff has adequately detailed its previous attempts to locate Defendant John Doe demonstrating a good faith effort to identify the anonymous defendant. *See Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999).

      Finally, for factor (3), Plaintiff has demonstrated its complaint is likely to survive a motion to dismiss. Plaintiff's complaint alleges misappropriation of the Domain Name and a violation of the Anti-Cybersquatting Consumer Protection Act. (Doc. 1). Plaintiff has adequately shown, at this stage, "that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins. Co.*, 185 F.R.D. at 580.

      Plaintiff has demonstrated good cause for early discovery.

      Accordingly,

…

1    **IT IS ORDERED** Plaintiff's Motion for Early Discovery (Doc. 6) is **GRANTED**.
2    Plaintiff may serve subpoenas on GoDaddy.com LLC and Network Solutions LLC for the
3    limited purpose of identifying Defendant John Doe.
4    Dated this 11th day of January, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge